IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HANNAH AMAROSA,<br><br>            Plaintiffs,<br><br>vs.<br><br>DOCTOR JOHN'S INC., KEN GREENTREE, and JOHN COIL,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISMISS**<br><br><br>Civil No: 2:11-cv-00676DN<br><br>Judge: David Nuffer |

This matter came before the Court on April 20, 2012 at 9:00 a.m. on Defendants John Coil's and Ken Greentree's Motions to Dismiss[1]  The Plaintiff was represented by Counsel, Russell T. Monahan.  The Defendants were represented by Counsel, W. Andrew McCullough.

At the hearing, the court orally denied the motions to dismiss and explained its reasoning on the record.  Subsequently, Defendants Coil and Greentree filed a motion[2] asking the court to address their contention that this court should decline jurisdiction over Amarosa's state law defamation claim on the ground that the defamation claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."[3]  This court's subject matter jurisdiction in this case is based on a federal question under 28 U.S.C. § 1331; specifically, Amarosa's allegations that

---

[1] Motion to Dismiss (Coil), docket no. 7, filed August 9, 2011;  Motion to Dismiss (Greentree), docket no. 16, filed August 25, 2011.
[2] Motion to Amend Findings or Add Additional Findings, docket no. 27, filed April 23, 2012.
[3] *Id.* (quoting 28 U.S.C. § 1367(c)(2)).

Defendants violated the Employee Polygraph Protection Act and the Fair Labor Standards Act.

The supplemental jurisdiction statute[4] provides that in any case over which the court has original jurisdiction, the court shall have supplemental jurisdiction over related state law claims.  Subdivision (c)(2) provides that the court *may* decline to exercise supplemental jurisdiction if the state law claim substantially predominates over the claims over which the court has original jurisdiction.[5]  By the very language of the statute, the court has discretion to decline jurisdiction, but it is not required to do so.[6] The court therefore declines to follow Defendants' suggestion that it should not exercise jurisdiction over Amarosa's state law defamation claim.  Amarosa has asserted two federal claims.  The defamation claim is related to those claims as it arises out of events stemming from Amarosa's former employment by Defendants.  The court also concludes that the defamation claim does not substantially predominate over the federal claims.

Having reviewed the file, the submissions of the parties, and having heard the arguments of the parties,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1.　　　　Defendant Greentree's Motion to Dismiss[7] the Plaintiff's Third Cause of Action is denied.  Defendant Coil's Motion to Dismiss the Plaintiff's Third Cause of Action is denied.[8]

---

[4] 28 U.S.C. § 1367.
[5] 28 U.S.C. § 1367(c)(2),
[6] *See, e.g., Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998) (stating that the exercise of jurisdiction under section 1367 is discretionary), *overruled on other grounds by Styskal v. Weld Cnty Bd. of Comm'rs*, 365 F.3d 855 (10th Cir. (2004).
[7] Docket no. 16, filed August 25, 2011.

   2. Defendant Coil's Motion to Dismiss,[9] based on lack of personal jurisdiction, is denied.

   3. Defendants' Motions to Dismiss, based on the theory that the state law claims substantially predominate over the federal claims, are denied.[10]

   4. Defendants' Motion to Amend Findings or Add Additional Findings[11] is granted as discussed above.

   Dated July 5, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[8] Docket no. 7, filed August 9, 2011.
[9] Docket no. 7.
[10] Docket nos. 7 & 16.
[11] Docket no. 27, filed April 23, 2012.