IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANNAH R. AMAROSA, <br><br> Plaintiff, <br><br> v. <br><br> DR. JOHN'S INC., et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER** <br><br> Case No. 2:11-CV-676 DN <br><br> District Judge David Nuffer |

Defendants John Coil and Dr. John's Inc. have filed a motion for partial summary judgment on the issue of attorney's fees on Plaintiff's defamation claim.[1] Because no genuine issue of material fact exists, Defendants Coil and Dr. John's Inc. are entitled to judgment as a matter of law on the issue of attorney's fees. Further, Amarosa did not file an opposition to the motion which, under the local rules, is also a basis for granting the motion.[2] Therefore, the motion is granted.

## STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In applying this standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[4] However, "the

---

[1] Docket no. 36, filed July 6, 2012.

[2] See DUCivR 7-1(d).

[3] Fed. R. Civ. P. 56(a).

[4] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) ) (quoting *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1146 (10th Cir. 2007)).

nonmoving party must present more than a scintilla of evidence in favor of his position."[5] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

## DISCUSSION

In her defamation claim, Plaintiff states: "The Plaintiff is entitled to reasonable attorney's fees and costs of court."[7] Defendants assert that there is no basis for an award of attorney's fees on Plaintiff's state law claim for defamation.

Under the American rule, the prevailing party is not entitled to collect attorney's fees from the losing party.[8] Since there is no statutory or other basis for an award of attorney's fees such as a contractual agreement, Amarosa would not be entitled to attorney's fees even if she were to succeed on this claim. Accordingly, Defendants are entitled to judgment as a matter of law on the issue of attorney's fees for the defamation claim.

## ORDER

Defendants Coil and Dr. John's Inc.'s motion for partial summary judgment[9] on the issue of attorney's fees on Amarosa's defamation claim is **GRANTED**.

Signed July 2, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[5] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[7] Complaint ¶ 85.

[8] *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001);

[9] Docket no. 36, filed July 6, 2012.