IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANNAH R. AMAROSA,<br><br>                  Plaintiff,<br><br>v.<br><br>DR. JOHN'S INC., et al.,<br><br>                  Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No.  2:11-CV-676 DN<br><br>District Judge David Nuffer |

Defendant John Coil has filed a motion for partial summary judgment on Plaintiff's defamation claim.[1]  Because no genuine issue of material fact exists, Defendant Coil is entitled to judgment as a matter of law.  Therefore, his motion is granted.

## STATEMENT OF FACTS

1.      Defendant Doctor John's Inc. is a corporation registered to do business in the State of Utah.[2]

2.      Defendant John Coil is the principal owner and president of Doctor John's and is a resident of the State of Texas.[3]

3.      The corporation operates three retail stores in the State of Utah, which sell lingerie, other clothing articles, and a variety of adult-oriented novelties.[4]

---

[1] Docket no. 54, filed January 8, 2013.

[2] Complaint ¶ 3.

[3] Complaint ¶ 4.

[4] Coil Declaration ¶ 2, attached to the motion for partial summary judgment as docket no. 54-2, filed January 8, 2013.

4. Defendant Greentree (now deceased)[5] was a district manager over the three Utah stores. Mr. Greentree was authorized to terminate employees who he believed did not adequately do their jobs, including safeguarding inventory from theft and other loss.[6]

5. Plaintiff Amarosa was an employee in the Salt Lake City store from June 29, 2010 to May 18, 2011 when she was terminated by Defendant Greentree.[7]

6. Prior to her termination, Defendant Greentree had been conducting an investigation into a missing skirt. Shortly thereafter, Defendant Greentree prepared a questionnaire for the employees to fill out. Amarosa refused to fill out the questionnaire and was terminated.[8]

7. Amarosa filed a claim for unemployment benefits on May 18, 2012.[9]

8. In a Notice of Employee Change in Relationship, Dr. John's stated that the reason for Amarosa's discharge was her refusal "to fill out questionnaire about violations of rules and policy requested of all employees." This form appears to be signed by Defendant Greentree.[10]

9. On May 23, 2011, Defendant Coil filed the company response to the Amarosa's claim for unemployment benefits stating, "Claimant stole merchandise. She admitted guilt and said 'You can fire me' and 'I will not sign a sheet.'"[11]

---

[5] See Statement Noting a Party's Death, docket no. 65, filed March 14, 2013.

[6] Coil Declaration ¶ 4.

[7] Coil Declaration ¶ 5; Claim for Unemployment Benefits, Exhibit 2 to Coil's motion. Unless otherwise specified, all exhibits are attached to Coil's motion as part of docket no. 54-1, filed January 8, 2013.

[8] See transcript of hearing before Workforce Services Administrative Law Judge Nixon at 8-14 (Hearing Transcript), attached to Coil's motion as part of docket no. 54-1, filed January 8, 2013; Questionnaire, Exhibits 11-12.

[9] See Exhibit 1.

[10] Exhibit 10.

[11] Exhibit 9.

10.     On May 26, 2011, the Department of Workforce Services issued a decision favorable to Amarosa.  The notice indicated that the elements necessary for a denial of benefits due to a discharge for insubordination had not been established.  The notice informed Dr. John's of the right to appeal in writing and the requirement that the appeal must include a reason for the appeal.[12]

11.     On June 1, 2011, Defendant Coil filed an appeal in which he stated, "Please reconsider your decision dated 5-26-11.  Claimant was fired for theft."[13]

12.     On June 20, 2011, a telephone hearing was conducted by an Administrative Law Judge for the Department of Workforce Services Unemployment Compensation Appeals, Division of Adjudication, at which Doctor John's was represented by Defendant Greentree.[14]

13.     At the hearing, Defendant Greentree stated that Amarosa was fired for "refusing an order, insolence and being argumentative.[15]

14.     The ALJ upheld the award of unemployment benefits to Amarosa on the procedural ground that the employer had failed to furnish required information.[16]

15.     Dr. John's appealed the ALJ's decision to the Workforce Appeals Board.  As relevant to this case, the Board upheld the award of benefits.[17]

---

[12] Exhibit 15.

[13] Complaint ¶ 46; Exhibit 16.

[14] See Hearing Transcript.

[15] Hearing Transcript at 6.

[16] Decision of ALJ, Plaintiff's Exhibit 1, docket no. 56-2, filed February 5, 2013.

[17] Decision of Workforce Appeals Board at 12, Plaintiff's Exhibit 2, docket no. 56-3, filed February 5, 2013.

## STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] In applying this standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[19] However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[20] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[21]

## DISCUSSION

In her complaint, Amarosa alleged that she was defamed by Defendant Coil's statements during the administrative proceeding that she was fired for theft. Defendant Coil responds that the statements are protected by the judicial proceeding privilege.

Under Utah defamation law, false and defamatory statements are not actionable if they are protected by a legal privilege.[22] The law recognizes a number of legal privileges in circumstances where communications must be wholly open, frank, and unchilled by the possibility of a defamation action. This is true even though a person's reputation may be harmed by the statements.[23]

---

[18] Fed. R. Civ. P. 56(a).

[19] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (quoting *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1146 (10th Cir. 2007)).

[20] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[22] *DeBry v. Godbe*, 992 P.2d 979, 983 (Utah 1999).

[23] *Id.*

The judicial proceeding privilege "is intended to promote the integrity of the adjudicatory proceeding and its truth finding processes."[24]  In furtherance of that purpose, the privilege encourages free and open communication from all participates which will occur only if they are not inhibited by the fear of subsequent defamation suits.[25]

To be eligible for the privilege, the statement must be (1) made during the course of a judicial proceeding; (2) have reference to the subject matter of the proceeding; and (3) be made by a judge, juror, counsel, witness, or litigant.[26]  The Utah courts have given a broad interpretation to the term "judicial proceeding."[27]  Administrative proceedings are considered to be "judicial proceedings" for purposes of the absolute privilege.[28]

Coil's statements were made in the course of an administrative proceeding, had some reference to the subject matter of the proceeding, and were made by a litigant.  Thus, the judicial proceeding privilege is established.  Coil's statements are protected by the privilege unless the privilege is lost by some action such as excessive publication.[29]

In opposition, Amarosa argues that the absolute judicial proceeding privilege may be destroyed if the statements were made with actual malice.  She asserts that Defendant Coil made the statements, knowing them to be false, and for the malicious purpose of preventing her from receiving unemployment benefits.  Even if Coil acted with malice, however, the judicial proceeding privilege is an absolute privilege, rather than a conditional privilege, and is not lost under the facts of this case.

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Thompson v. Community Nursing Serv. & Hospice*, 910 P.2d 1267, 1268 (Utah App. 1996).

[29] *Pratt v. Nelson*, 164 P.3d 366, 377 (Utah 2007).

Amarosa relies on dicta in the *Debry* case for the proposition that malice may

destroy the claim of absolute privilege. However, the dicta cited by Amarosa does not support

the proposition. In *DeBry*'s brief discussion of malice, the court cited *Direct Import Buyers*

*Ass'n v. KSL, Inc.*[30] which concerned a conditional privilege, not the absolute privilege at issue

here.

Amarosa also relies on *Moss v. Parr Waddoups Brown Gee & Loveless* in which the Utah

Supreme Court stated that "the judicial proceedings privilege is not without limits." [31] In *Moss*,

the court extended the judicial proceedings privilege to include *conduct* as well as *statements*. In

the course of its decision, the court listed a number of actions that an attorney might take that

would cause the privilege to be lost. Amarosa argues that the common theme running through

those actions is that they "are designed to hurt the client or which are dishonest at their inception,

in other words, actual malice."[32] However, besides the fact that the actions described by the

court had nothing to do with defamation, they also did not require malice. In fact, the court did

not even mention malice in its discussion.

Finally, Amarosa argues that it makes no sense that a statement that a defendant knows to

be false should be protected, while a statement that the defendant believes to be true, but that is

made outside the judicial proceeding is not protected. She states that the search for truth in

judicial proceedings is not advanced by such convoluted logic. She argues that Coil made false

statements to Workforce Services with the specific intent of denying her legal right to

unemployment benefits. However, the purpose of the judicial proceeding privilege is to allow

---

[30] 538 P.2d 1040, 1042 (Utah 1975), *overruled by Direct Import Buyer's Ass'n v. KSL, Inc.*, 572 P.2d 692 (Utah 1977).

[31] 285 P.3d 1157, 1166 (Utah 2012).

[32] Plaintiff's Response to the Defendants' Motion for Partial Summary Judgment at 10, docket no. 56, filed February 5, 2013.

participants in the proceeding to participate without fear of a lawsuit being instituted against them.  That purpose is advanced by according an absolute privilege to statements made in the course of those proceedings.  Because Coil's statements satisfy the requirements of the judicial proceeding privilege, they were absolutely privileged.

## ORDER

Defendant Coil's motion for partial summary judgment[33] on Amarosa's defamation claim is **GRANTED**.

Signed July 2, 2014.

BY THE COURT

District Judge David Nuffer

---

[33] Docket no. 54, filed January 8, 2013.