IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANNAH R. AMAROSA,<br><br>               Plaintiff,<br>v.<br><br>DOCTOR JOHN'S INC., KEN GREENTREE, AND JOHN COIL,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:11-cv-676 DN<br><br>District Judge David Nuffer |

## NATURE OF THE CASE

The order grants summary judgment for Plaintiff on her first cause of action for violation of 29 U.S.C. 2001 et seq. This cause of action alleges that a polygraph examination was improper.

## STATEMENT OF FACTS

The following facts are undisputed and material.[1]

    1.     The Defendant, Doctor John's Inc., is registered to do business in the State of Utah with its principal place of business in Utah at 6885 South State Street, Midvale, Utah 84047.[2]

    2.     Plaintiff was employed as a salesperson by Defendant Doctor John's.[3]

---

[1] Defendants' counsel failed to comply with DUCivR56-1 in responding to the facts alleged by Plaintiff. Memorandum in Opposition to Plaintiff's Motion [sic] Partial Summary Judgment (Opposition) at 1-8, docket no. 64, filed March 8, 2013. Similarly, with only one exception, Plaintiff did not respond to the facts proposed by Defendants. Plaintiff's Reply Memorandum for Motion for Partial Summary Judgment (Reply) at 1-4, docket no. 66, filed March 25, 2013.

[2] Plaintiff's Partial Motion for Summary Judgment (Motion) ¶ 1 at 3, docket no. 55, filed January 25, 2013.

[3] *Id.* ¶ 2 at 3.

3. Defendant Doctor John's sells lingerie, jewelry and adult novelty items.[4] Like other retail stores, "shrinkage", or the loss of inventory through theft or damage, is an ongoing problem, which eats into corporate profits, and which requires some diligence to minimize.[5]

4. Defendant Greentree is a district manager over the three Utah stores; and Mr. Greentree is authorized to terminate employees who he believes do not adequately do their job, including safeguarding inventory from theft and other loss.[6]

5. Plaintiff, Ms. Amarosa, was an employee in the Salt Lake City store from June 29, 2010 to May 18, 2011, when she was terminated by Defendant Greentree.[7]

6. On May 15, 2011, several hours after Plaintiff had completed her shift, Plaintiff was contacted by Defendant Greentree via telephone. Defendant Greentree accused Plaintiff of theft. During that phone conversation Defendant Greentree stated that he intended to have everyone in the store take a polygraph test.[8]

7. On or about May 17, 2011, Plaintiff received a call from her manager Felissa de la Mora, informing her that Defendant Greentree was holding a store wide meeting commencing at 12:00 p.m., on May 18, 2011. Plaintiff was told that her attendance was mandatory. Plaintiff asked what the meeting was about, however, Felissa de la Mora refused to discuss the purpose of the meeting.[9]

---

[4] *Id.* ¶ 3 at 3.
[5] Opposition ¶ 3 at 2.
[6] *Id.* ¶ 4 at 2.
[7] *Id.* ¶ 5 at 2.
[8] Motion ¶ 3 at 3-4.
[9] *Id.* ¶ 4 at 4.

8. That night Plaintiff discovered that Mary Greentree had posted a message on her Facebook site about how she had to "waste her time" creating a polygraph questionnaire that night to help find out who her "true friends" were at Doctor John's.[10]

9. Plaintiff arrived early for the meeting at 11:45 a.m. Plaintiff's manager, Felissa de la Mora was there, as was Mr. Greentree and his wife, Mary Greentree.[11]

10. Plaintiff then turned on her recording device.[12]

11. Defendant Greentree asked to speak to Plaintiff in the office alone.[13]

12. The recording of the meeting between Defendant Greentree and Plaintiff included the following exchanges starting at 02:31 of the recording:[14]

> DEFENDANT GREENTREE: So here is what I'm gonna do. Cause I've done this probably a hundred times in the past 40 years
> PLAINTIFF: hmm
> DEFENDANT GREENTREE: Ok, we'll polygraph every body. But I don't live in the past, ok, I live, today, tomorrow, next week, the future,
> PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: ok, so what, what it is, is I'm gonna ask you to fill out a questionnaire. Ok. Be truthful, be totally truthful. Because its not gonna be used against you. Ok. The questionnaire is to determine if you are telling the truth. Ok. Then they are gonna take the questionnaire and they are gonna add questions to it, to determine if what's your saying is the truth. And it's the little simple stuff, and its, and its, and then it's more serious stuff. Ok. And they will ask you dumb questions, but they will ask you questions that are kind of deceitful, ya know, to trap you
> PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: So I'm telling you, when we do this here, be honest. There is nothing we can't work out, its, anything that you right now here, that you admit to, it's not going to be used against you. Felicia is not even gonna see it. ok
> PLAINTIFF: ok
> DEFENDANT GREENTREE: nobody but me
> PLAINTIFF: right
> DEFENDANT GREENTREE: ok, cause this is my thing

---

[10] *Id.* ¶ 5 at 4.

[11] *Id.* ¶ 8 at 5.

[12] *Id.* ¶ 9 at 5.

[13] *Id.* ¶ 10 at 5.

[14] *Id.* ¶ 11 at 5-7.

PLAINTIFF: uh-huh
DEFENDANT GREENTREE: I'm also to have, to have you this here. You have to be honest
PLAINTIFF: uh-huh
DEFENDANT GREENTREE: because I'm using a polygraph company that is very expensive, ok. That its one that all the police departments use, its one that all the security companies use. The reason why I'm using them is they back up not just the test, but with expert witness testimony.
PLAINTIFF: uh-huh
DEFENDANT GREENTREE: ok, so I ain't sayin you, but anybody, if they lie on this test, ya know, the polygraph company will go to the prosecutor. Ok, and say ok we have this case. Prosecutors love these cases cause it's a slam dunk for them, because all the leg works been done and they got an expert to witness testify,
PLAINTIFF: uh-huh
DEFENDANT GREENTREE: ok, and simple things can become big things because they can take 3 simple misdemeanor, mi... offenses and escalate them into a felony. They love these things. I don't wanna go that far, so that's why I'm sayin, tell the truth. There is nothing that you can't tell me that we can't work out, talk about. Ok, But you have to tell the truth. Because is what they are gonna do is call the exceptions. They are gonna ask you a question. Question number 2 is blah blah blah, with the exception of what you've already said, have you told the truth. And you are gonna answer yes or no. ok. Um, it will say things like, uh, one of the questions is, have you ever taken any company property and you answer yes or no. and if the answer is yes, you explain, ya know, what you took. Uhh. I took a couple of rolls of toilet paper because I didn't have any at home, and the value whatever, ya know. So they'll say ok, now *inaudible* on this questions, ya know, have you taken any other company property other than what you have admitted to. Ok
***
DEFENDANT GREENTREE: you're gonna put your name here and you got your ID
PLAINTIFF: uh-huh
DEFENDANT GREENTREE: ok, cause that's what they are gonna use to identify you when ever you go down there.
PLAINTIFF: right
DEFENDANT GREENTREE: they are gonna ask for your ID and they are gonna have this here and then their list of questions, ok, and you are gonna go down through here and read them real closely, ok, And you circle yes or no, and if you circle yes, then you gonna answer the second part of the question.
PLAINTIFF: uh-huh
DEFENDANT GREENTREE: ok, and it's really really basic, ya know
Hannah: right
DEFENDANT GREENTREE: but look at me, I'm telling you, tell the truth
PLAINTIFF: Hmm
DEFENDANT GREENTREE: ok,
PLAINTIFF: right
DEFENDANT GREENTREE: Theres nothing you cant tell me on here that is gonna be used against you
PLAINTIFF: hmm

> DEFENDANT GREENTREE: Ok, the only way its gonna be used against you, is if you put no here and they ask you the question is it comes up is that your lying
> PLAINTIFF: hmm
> DEFENDANT GREENTREE: you understand what I'm sayin
> PLAINTIFF: right
> DEFENDANT GREENTREE: so then they are gonna come back and say ok, we got a lie on queston 2, 5, 7, that's three offenses, do you wanna prosecute. This is the way they do it.PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: and, I'll probably say, ya, ok
> PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: and then we'll go to the prosecutor and say ok, we got 3 misdemeanors, that makes it a felony.
> PLAINTIFF: hmm
> DEFENDANT GREENTREE: ok, here's a slam dunk case for you, so I'm telling ya, tell the truth.

13. Plaintiff refused to take a polygraph and refused to complete the questionnaire for the polygraph examination. Defendant Greentree then asked the Plaintiff if she was resigning. When Plaintiff declined, Defendant Greentree fired Plaintiff. Even after telling Plaintiff that he was firing Plaintiff, Defendant Greentree continued to badger the Plaintiff into taking a polygraph examination. At 09:58 at the recording:[15]

> DEFENDANT GREENTREE: you're messin up Hannah, cause I'm telling ya, you've done wrong in the past, and I know you've done wrong and I'm standin here lookin you in the eye telling you, that I know you done wrong, and you're being forgiven, and you're being forgiven because you're gonna put on here all this little chicken shit stuff that you've done wrong, lis, listen to me
> PLAINTIFF: I am
> DEFENDANT GREENTREE: you're gonna put on here, all this little chicken shit stuff that you've done wrong, you're gonna take a polygraph, you're gonna apologize like this, and were gonna say, now don't do none of this in the future. You know better now.
> PLAINTIFF: hmm
> DEFENDANT GREENTREE: ok
> PLAINTIFF: right
> DEFENDANT GREENTREE: that's the way this is supposed to work. That's the way it's supposed to work
> PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: is, tell the truth here,
> PLAINTIFF: uh-huh
> DEFENDANT GREENTREE: ya tell the truth on the polygraph.

---

[15] *Id.* ¶ 11 [sic] at 7-8

14. After Plaintiff again refused to fill out the polygraph questionnaire and take a polygraph, Defendant Greentree escorted her from the office and told Felissa de la Mora the Plaintiff had been terminated. At that point, Plaintiff turned off her recording device.[16]

**STANDARD FOR SUMMARY JUDGMENT**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] In applying this standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[18] However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[19] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20]

**DISCUSSION**

The sole question presented on this motion is whether the undisputed facts show a violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. §§ 2001–09. The EPPA was enacted

> in response to justified concerns that employers were many times misusing lie detectors or their derivatives (as the case may have been here) and were too frequently relying on inaccurate, inconclusive, or unfounded lie detector results to make employment decisions. Accordingly, the EPPA makes it illegal, with limited exceptions, for employers to use lie detector tests.[21]

---

[16] *Id.* ¶ 12 at 8.

[17] Fed. R. Civ. P. 56(a).

[18] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (quoting *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1146 (10th Cir. 2007)).

[19] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[21] *Veazey v. Communications and Cable of Chicago, Inc.*, 194 F.3d 850, 858 (7th Cir. 1999) (citing S.Rep. No. 100–284, at 46 (1988), reprinted in 1988 U.S.C.C.A.N. 726, 734.

### 1. Defendants Greentree and Dr. John's Inc. Violated the EPPA.

Defendants argue that the EPPA does not apply because no polygraph was administered. However, the statute prohibits preliminary actions such as those taken here:

> [I]t shall be unlawful for any employer engaged in or affecting commerce or in the production of goods for commerce--
> (1) directly or indirectly, to require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test;
> (3) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against--
> (A) any employee or prospective employee who refuses, declines, or fails to take or submit to any lie detector test . . . .[22]

By suggesting Plaintiff take the test and terminating her for refusing to take the test, Defendant Dr. John's violated the law. Defendants argue a polygraph examination was not in fact contemplated.[23] However, this is not the impression the undisputed facts gave the Plaintiff. And the statute clearly prohibits what was done here.

While Defendants argue that Greentree had no actual authority to administer a polygraph test, it is clear from the facts they offered on the motion that he was a district manager over the three Utah stores; and authorized to terminate employees who he believes do not adequately do their job, including safeguarding inventory from theft and other loss.[24] He clearly had apparent if not actual authority in the interview and ultimatum.

### 2. The Investigation Exception Does Not Apply

The EPPA permits polygraph examination in certain instances involving economic loss or injury to the employer's business.[25] However, that exception requires that "the employer executes a statement, provided to the examinee before the test, that . . . sets forth with

---

[22] 29 U.S.C. § 2002.

[23] Opposition at 9.

[24] Undisputed Fact No. 4.

[25] 29 U.S.C. § 2006(d).

7

particularity the specific incident or activity being investigated and the basis for testing particular employees" and certain other details about the incident under investigation.[26] This was not done. Defendants admit the record on this point is not developed,[27] and it was their burden to develop it. The exception does not apply.

**ORDER**

IT IS HEREBY ORDERED that summary judgment is granted in favor of Plaintiff and against Defendants Dr. Johns Inc and Ken Greentree on Plaintiff's First Cause of Action for violation of the EPPA. Damages under 29 U.S.C. §2005 shall be determined at trial.

Signed July 2, 2014.

BY THE COURT

District Judge David Nuffer

---

[26] *Id.*

[27] Opposition at 15.