IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANNAH R. AMAROSA,<br><br>     Plaintiff,<br>v.<br><br>DOCTOR JOHN'S INC., KEN GREENTREE and JOHN COIL,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER DENYING AMENDED MOTION TO AMEND FINDINGS AND ORDER AND REQUEST TO CERTIFY FOR APPEAL and MOTION TO REVISE ORDER PURSUANT TO RULE 54(b)**<br><br>Case No. 2:11-CV-676 DN<br><br>District Judge David Nuffer |

  Defendant Doctor John's, Inc. filed a motion[1] requesting the court (under Fed. R. Civ. P. 52(b) and 59(e)) to amend its findings and orders denying Defendant's motion in limine to exclude evidence of damages other than those for economic loss[2] and motion to continue trial to permit more discovery on damages other than those for economic loss.[3] Doctor John's also requests the court to certify its decision for interlocutory appeal under 28 U.S.C. § 1292(b).[4] And Doctor John's also asks for revision of the orders under Rule 54(b).[5]

---

[1] Amended Motion to Amend Findings and Order and Request to Certify for Appeal (Amended Motion), docket no. 112, filed July 19, 2014.

[2] Docket text order [denying 89 Motion in Limine re: damages], docket no. 104, filed July 18, 2014.

[3] Docket text order [denying 90 Motion to Continue Trial], docket no. 105, filed July 18, 2014.

[4] Amended Motion at 4.

[5] Motion to Revise Order, Pursuant to Rule 54(b), docket no. 118, filed July 22, 2014.

## DISCUSSION

Plaintiff's first cause of action for violation of the Employee Polygraph Protection Act[6] pleads "for relief and judgment against the Defendants . . . ."[7] The prayer for relief "prays for relief and judgment against the Defendants as follows:"

1. For damages as permitted under 29 U.S.C. § 2005 and 29 U.S.C. § 216.
2. For general damages in the amount of $200,000.00 or such amount demonstrated at trial.
3. For injunctive relief prohibiting the Defendants from further unlawful conduct.
4. For punitive damages in the amount of $200,000.00 or such amount as may be determined by the court
5. For interest, costs of court and a reasonable attorney's fees [sic].
6. For such other and further relief as the court may deem fitting and proper in the premises.[8]

Defendants correctly point out that the first cause of action does not mention general and punitive damages by category, and mentions only other categories of damages. Those specifically mentioned include "back pay, benefits and front pay," "affirmative injunctive relief," "reasonable attorney's fees and costs of court" and "civil and equitable relief as provided by 29 U.S.C. §2005."[9] Because that statute authorizes "such legal or equitable relief as may be appropriate, including, but not limited to"[10] various categories, employees suing under the EPPA have been permitted to recover "non-economic damages"[11] Under the similar statutory language in the Fair Labor Standards Act,[12] "[c]ompensation for emotional distress, and punitive damages"[13] have been held appropriate. Thus, the categories of damages plead in the prayer for

---

[6] 29 U.S.C. 2001 et seq.

[7] Complaint at 11, docket no. 2, filed July 22, 2011.

[8] *Id.* at 14.

[9] *Id.* at 11, ¶¶ 59-62.

[10] 29 U.S.C. § 2005(c)(1).

[11] *Lyles v. Flagship Resort Dev. Corp.*, 371 F. Supp. 2d 597, 607 (D.N.J. 2005).

[12] 29 U.S.C. § 215(a)(3).

[13] *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir. 1990).

relief are embraced within the pleading of the first cause of action for "relief as provided by 29 U.S.C. §2005."[14]

Because general and punitive damages are plead in the first cause of action, there is no reason to continue the trial to permit unanticipated discovery. The order denying the motion to continue stated: "The issues related to damages remained in the papers until the court ruled on the motion for summary judgment. Thus, any need for discovery should have been apparent."[15] This is not clear or complete. General and punitive damages were specifically mentioned in the now dismissed third cause of action for defamation,[16] which was only dismissed recently.[17] Until then, those categories of damages were clearly at issue in the case as to that claim and at issue for discovery. But general and punitive damages were also included in the prayer for relief[18] applicable to all claims, and in the reference in the first cause of action for EPPA violation to "relief as provided by 29 U.S.C. §2005."[19] The result of the order was correct but the text was unclear and incomplete.

Defendants ask that the decision to permit Plaintiff to claim non-economic and punitive damages be certified for immediate appeal to the Tenth Circuit, thus delaying trial set to begin August 6, 2014. If this decision is wrong, it is a relatively easy matter to appeal the trial judgment and have the jury award of some categories of damages reversed. The jury findings will include liability and all damages claimed. An appeal after the August trial will embrace all issues in the case. If immediate appeal is allowed, the trial will be delayed, and it is possible that

---

[14] Complaint at 11, ¶ 59.

[15] Docket Text Order, docket no. 105.

[16] Complaint at 14, ¶¶ 83-84.

[17] Memorandum Decision and Order [dismissing Plaintiff's Third Cause of Action for Defamation], docket no. 84, filed July 2, 2014.

[18] Complaint at 14.

[19] Complaint at 11, ¶ 59.

after the eventual trial, another appeal might be needed to deal with other issues arising in that trial.

The relevant statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.[20]

An immediate appeal will not advance this litigation. Having reviewed the decision a second time, it is more apparent that there is no substantial ground for difference of opinion. Non-economic and punitive damages were plead in the first cause of action, and were at issue under the third cause of action until recently. The motion to certify will be denied.

## ORDER

IT IS HEREBY ORDERED that the motion to amend and certify under Fed. R. Civ. P. 52(a) and 59(e) is DENIED.[21]

IT IS FURTHER ORDERED that the motion under Fed. R. Civ. P. 54(b) is DENIED.[22]

Dated July 25, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[20] 28 U.S.C.A. § 1292(b).

[21] Amended Motion to Amend Findings and Order and Request to Certify for Appeal (Amended Motion), docket no. 112, filed July 19, 2014.

[22] Motion to Revise Order, Pursuant to Rule 54(b), docket no. 118, filed July 22, 2014.