# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANNAH R. AMAROSA, <br><br> Plaintiff, <br><br> v. <br><br> DOCTOR JOHN'S INC., KEN GREENTREE and JOHN COIL, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS JOHN COIL** <br><br> Case No. 2:11-CV-676 DN <br><br> District Judge David Nuffer |

Defendants Doctor John's, Inc. and John Coil filed a motion[1] requesting dismissal of John Coil, an individual defendant. They assert that John Coil is not a subject of the remaining cause of action, which alleges violation of the Employee Polygraph Protection Act (EPPA).[2] The motion is denied.

## DISCUSSION

John Coil was specifically mentioned by name in Plaintiff's second cause of action for violation of the Fair Labor Standards Act[3] and in Plaintiff's third cause of action for defamation.[4] Both those claims have been dismissed.[5] Plaintiff's first cause of action for violation of the EPPA pleads "for relief and judgment against the Defendants . . . ."[6] While the

---

[1] Motion to Dismiss Second Cause of Action, docket no. 99, filed July 17, 2014.

[2] 29 U.S.C. § 2001 et seq.

[3] 29 U.S.C. § 201 et seq.

[4] Complaint at 12-13, ¶¶ 73, 75, 77, 79, and 81-82, docket no. 2, filed July 22, 2011.

[5] Memorandum Decision and Order [dismissing Plaintiff's Third Cause of Action for Defamation], docket no. 84, filed July 2, 2014; docket text order, docket no. 113, filed July 21, 2014.

[6] Complaint at 11.

cause of action does not include his name, the first cause of action pleads for relief against John Coil.

Under the EPPA, "[t]he term 'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee."[7] This has been interpreted broadly, and includes (among others) a person who "decided whether the examined employee would be subjected to disciplinary action."[8] Because the proof at trial may show that John Coil affirmed Plaintiff Amarosa's termination, and concealed the polygraph issues related to her termination,[9] he may qualify as an employer under the EPPA. Of course, the proof at trial will determine whether this issue will be submitted to the jury.

## ORDER

Because the first cause of action pleads for relief against John Coil and because the EPPA is broad enough to permit a claim to be stated against Coil,

IT IS HEREBY ORDERED that the motion to dismiss John Coil[10] is DENIED.

Dated July 25, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[7] 29 U.S.C. § 2001(2).

[8] *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 727 (5th Cir. 2002).

[9] Complaint ¶¶ 46, 75, 77 and 82.

[10] Motion to Dismiss Second Cause of Action, docket no. 99, filed July 17, 2014.